**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

TERESA K. PIETY                                                    PLAINTIFF

v.                            4:15-CV-00792-BRW-JJV

CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration,                                    DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Billy Roy Wilson. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Teresa Piety, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. Both parties have submitted briefs and the case is ready for decision. After carefully considering the record as a whole, for the following reasons, I find the decision of the Commissioner is supported by substantial evidence.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts

1

from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

Plaintiff was forty-five years old at the time of the hearing. (Tr. 147) She testified she had an eighth grade education. (Tr. 149) She has past relevant work as a construction laborer. (Tr. 135)

Plaintiff alleged she was disabled due to degenerative disc disease, arthritis, high cholesterol, and high blood pressure. (Tr. 186) The ALJ[1] found Ms. Piety had not engaged in substantial gainful activity since December 31, 2001. (Tr. 129) He found she has "severe" impairments in the form of obesity, degenerative disk disease, arthritis, degenerative joint disease, asthma, affective disorder and personality disorder. (*Id.*) The ALJ further found Ms. Piety did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 129-130)

The ALJ determined Ms. Piety could no longer perform her past work but had the residual functional capacity to perform a reduced range of sedentary work. (Tr. 131) So, with the aid of a vocational expert, the ALJ determined Ms. Piety could perform the jobs of assembler and machine tender. (Tr. 136, 176-184) Accordingly, the ALJ determined Ms. Piety was not disabled.

Although they received additional evidence, on October 27, 2015, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-4) Plaintiff filed the instant Complaint initiating this appeal.

In support of her Complaint, Plaintiff's sole argument is that the ALJ's credibility assessment was flawed. (Pl.'s Br. 3-5) The residual functional capacity assessment is largely based on the

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

ALJ's credibility assessment. (Tr. 131-135) Understandably, Plaintiff argues this assessment was flawed.

The ALJ considered Plaintiff's subjective complaints in light of Social Security Ruling 96-7p. (*Id.*) That ruling tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
>   1. the claimant's daily activities;
>
>   2. the duration, frequency and intensity of the pain;
>
>   3. precipitating and aggravating factors;
>
>   4. dosage, effectiveness and side effects of medication;
>
>   5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

Second guessing an ALJ's credibility assessment is an agonizing task. But after carefully reviewing the ALJ's decision, I find no reversible error. The ALJ focused on Plaintiff's abilities rather than a diagnosis. Although Plaintiff reported she was extremely limited, there was ample evidence showing she was engaged in many activities of daily living. Her activities are consistent with sedentary work activities. And as the Commissioner argues, no doctor has placed any lasting limitations on her that would indicate she was unable to perform all forms of substantial gainful activity.

So given the difference between Plaintiff's subjective complaints and the lack of supporting medical evidence, combined with the lack of restrictions placed on Plaintiff by her physicians, the ALJ could rightly discount Plaintiff's subjective complaints. *See, e.g., Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (ALJ may discount subjective complaints if there are inconsistencies in the record as a whole); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount

complaints inconsistent with the evidence as a whole); *Dodson v. Chater*, 101 F.3d 533, 534 (8th Cir. 1996) (after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole).

Accordingly, I find no basis to overturn the ALJ's credibility determination.  The ALJ is always in the best position to gauge the credibility of a claimant's testimony.  Thus, the ALJ is granted deference in this regard.  *Schultz v. Astrue*, 479 F.3d 979, 982-983 (8th Cir. 2007).

Plaintiff clearly suffers from limitation and has some serious health issues.  Since the administrative decision she has undergone back surgery (Tr. 7-120) and I am generally sympathetic to Ms. Piety's claims.  However,  the objective medical records simply fail to support Plaintiff's claim of complete disability.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A).  A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 1382c(a)(3)(D).

From a physical standpoint, Ms. Piety has undergone surgery that appears to have been successful.  (Tr. 70) Post surgery treatment notes report, "She states that her neck and arm pain have improved significantly since surgery.  She does have ongoing peri-incisional pain that is worse when she coughs but this does not appear to be a serious issue."  (*Id.*)  Hopefully she will continue to improve and become engaged in the workforce.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of

the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 28th day of June, 2016.

_____
JOE J.  VOLPE
UNITED STATES MAGISTRATE JUDGE